UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>JOEL ACQUINO PASAY,<br><br>Defendant(s). | Case No. 2:17-CR-141 JCM (VCF)<br><br>ORDER |

Presently before the court the matter of *United States of America v. Pasay*, case number 2:17-cr-00141-JCM-VCF. On December 20, 2019, the parties filed a joint status report indicating that defendant Joel Pasay died. (ECF No. 38).

"Death pending appeal of a criminal conviction abates not only the appeal but **all proceedings in the prosecution from its inception**." *United States v. Oberlin*, 718 F.2d 894, 895 (9th Cir. 1983) (citing *Durham v. United States,* 401 U.S. 481, 483 (1971) (per curiam); *United States v. Bechtel,* 547 F.2d 1379 (9th Cir. 1977)) (emphasis added). When a defendant dies while his appeal is pending, the case is "remanded to the district court with instructions to **vacate the judgment and to dismiss the indictment**." *Id.* (emphasis added). The Ninth Circuit explained that "the reasoning behind this rule is stated simply as 'all private criminal injuries or wrongs, as well as all public crimes, are buried with the offender.'" *Id.* at 896 (quoting *United States v. Dunne,* 173 F. 254, 258 (9th Cir.1909) (*quoting in turn United States v. Daniels,* 47 U.S. (6 How.) 11, 13 (1848)). Recently, this reasoning has been as follows:

> [W]hen an appeal has been taken from a criminal conviction to the court of appeals and death has deprived the accused of his right to our decision, the interests of justice ordinarily require that he not stand convicted without resolution of the merits of his appeal,

**James C. Mahan**
**U.S. District Judge**

> which is an "integral part of [our] system for finally adjudicating [his] guilt or innocence."

*Id.* (quoting *Moehlenkamp,* 557 F.2d at 128 (*quoting in turn Griffin v. Illinois,* 351 U.S. 12, 18 (1956)) (alteration in original).

The court finds no reason why this reasoning does not apply with equal or greater force to a defendant's death while awaiting trial. Indeed, death has deprived Mr. Pasay of his right to a speedy trial, his right to confront witnesses against him, and his right to testify on his own behalf as guaranteed to him by the Fifth and Sixth Amendments. U.S. Const. amend. V, VI.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the matter of *United States of America v. Pasay*, case number 2:17-cr-00141-JCM-VCF, be, and the same hereby is, DISMISSED.

DATED February 19, 2020.

                                               /s/ James C. Mahan
                                               UNITED STATES DISTRICT JUDGE